IN THE CIRCUIT COURT OF DESOTO COUNTY, MISSISSIPPI

LUKIE TAYLOR                                                                         PLAINTIFF

VERSUS                                     Cause No.: CV2011-123 RCD

EQUIFAX INFORMATION SERVICES, LLC;           DEFENDANT
EXPERIAN INFORMATION SOLUTIONS INC.;
TRANS UNION, LLC; BANK OF AMERICA, N.A.;
CHASE AUTO FINANCIAL CORP.; FEDERATED
CAPITAL CORPORATION; and CAVALRY PORTFOLIO
SERVICES, LLC.

---

## COMPLAINT

---

COMES NOW the Plaintiff Lukie Taylor (hereinafter "Lukie") by counsel, and for cause of action against Defendants Equifax Information Services, LLC, (hereinafter "Equifax"), Experian Information Solutions, Inc. (hereinafter "Experian"), Trans Union, LLC, (hereinafter "Trans Union"), Bank of America, N.A., (hereinafter "Bank of America"), Chase Auto Financial Corp., (hereinafter "Chase Auto"), Federated Capital Corporation (hereinafter "Federated") and Cavalry Portfolio Services, LLC, (hereinafter "Cavalry"), states the following:

1. Plaintiff Lukie Taylor is an adult resident citizen of DeSoto County, Mississippi.

2. The Defendant Equifax Information Services, LLC is a Georgia Corporation registered to do business in the state of Mississippi and may be served with process upon Corporation Service Company, its registered agent for service of process, at 506 South President Street, Jackson, MS 39201.

3. The Defendant Experian Information Solutions is an Ohio corporation registered to do business in the state of Mississippi and may be served with process upon CT


FILED
APR 19 2011
Circuit Court Clerk, Desoto County, MS

Corporation System, its registered agent for service of process, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

4. The Defendant Trans Union, LLC is a Delaware corporation registered to do business in the state of Mississippi and may be served with process upon The Prentice-Hall Corporation System, Inc., its registered agent for service of process, at 506 South President Street, Jackson, MS 39201.

5. The Defendant Bank of America, N.A. is a national bank which may be served with process at 101 South Tryon Street, Charlotte, North Carolina 28202.

6. The Defendant Chase Auto Financial Corporation is a Delaware corporation registered to do business in the state of Mississippi and may be served with process upon CT Corporation System, its registered agent for service of process, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

7. The Defendant Federated Capital Corporation is a Michigan corporation registered to do business in the state of Mississippi and may be served with process upon CT Corporation System, its registered agent for service of process, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

8. The Defendant Cavalry Portfolio Services, LLC is a Delaware corporation registered to do business in the state of Mississippi and may be served with process upon CT Corporation System, its registered agent for service of process, at 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

9. Lukie is a victim of identify theft. At some point in time, without the Plaintiff's knowledge or authority, an imposter apparently submitted fraudulent credit

applications to Chase Auto and Bank of America using Lukie's identity and personal identifiers.

10. Upon information and belief, Chase Auto and Bank of America created accounts in the Plaintiff's name which the imposter then used and incurred charges on the fraudulently obtained accounts, such charges the imposter failed to pay.

11. The Plaintiff never applied for the fraudulent accounts with either Bank of America or Chase Auto. The Plaintiff has never consented to any person making such applications for credit in her name or using her identity.

12. At some point after the opening of the fraudulent accounts, Chase Auto and Bank of America attempted to collect the fraudulent accounts from Lukie by placing the accounts on her Equifax, Experian and Trans Union credit reports as credit items with adverse credit payment histories. Bank of America, in addition to reporting the fraud account to the credit bureaus, apparently assigned the fraudulent account to Cavalry and Federated for collection from Lukie.

13. On April 24, 2009, Lukie wrote dispute letters to Federated, Chase Auto, Cavalry, and Bank of America disputing the fraudulently opened Chase Auto and Bank of America accounts. On the same date, Lukie also wrote Equifax, disputing the inclusion of the Bank of America, Cavalry and Chase Auto accounts on her Equifax credit report as well as the inclusion of a notation that she involved in a "wage earner plan" when was such not and has never been the case. Further, on the same date, Lukie also wrote Trans Union disputing the inclusion of the Federated, Cavalry, Bank of America and Chase Auto accounts on her Trans

Union credit report.

14. Pursuant to 15 U.S.C. §1681i, Equifax and Trans Union are required to forward the Plaintiff's disputes regarding these accounts to Bank of America, Chase Auto, Cavalry and Federated for investigation and are also required to perform their own reasonable investigation of the Plaintiff's disputes.

15. Bank of America, Cavalry, Chase Auto and Federated, upon receipt of the disputes forwarded by Equifax and Trans Union pursuant to 15 U.S.C. §1681i, are required by 15 U.S.C. §1681-2(b) to perform their own reasonable investigations of these disputed accounts.

16. On May 13, 2009, having not received any type of response from Trans Union or Equifax, the Plaintiff wrote both Trans Union and Equifax, again disputing the Federated, Cavalry, Bank of America and Chase Auto fraud account's inclusion on her Trans Union report and disputing the inclusion of the Bank of America, Cavalry, Chase Auto, and "wage earner plan" notation on her Equifax credit report.

17. On May 14, 2009, Trans Union wrote the Plaintiff indicating that it had "verified" the Bank of America account and that there was "new information" regarding the Cavalry, Federated and Chase Auto accounts. Despite Plaintiff's disputes, Trans Union continued to report the fraudulent and adverse Bank of America, Cavalry, Chase Auto and Federated accounts as part of the Plaintiff's credit history.

18. On May 18, 2009, Equifax forwarded a credit report to the Plaintiff which continued to contain the Cavalry, Chase Auto and Federated fraud accounts, as

well as the bankruptcy/wage earner plan notation. The Bank of America account was not included on this credit report.

19. On May 20, 2009, Equifax provided "investigation results" to the Plaintiff, which indicated that it had deleted the bankruptcy/wage earner plan notation but was continuing to report the fraudulent Cavalry, Chase Auto and Federated accounts as part of the Plaintiff's credit history. Again, there was no mention of the previously disputed Bank of America account.

20. On May 26, 2009, Lukie wrote Equifax and again disputed the inclusion of the Federated, Cavalry and Chase Auto fraud accounts on her credit reports.

21. On May 27, 2009, Lukie wrote Trans Union and disputed the inclusion of the Federated, Cavalry, Bank of America and Chase Auto fraudulent accounts on her credit report.

22. On June 3, 2009, Equifax again provided the Plaintiff with a copy of her credit report which continued to contain the fraudulently opened Cavalry, Chase Auto and Federated accounts.

23. On June 8, 2009, Trans Union wrote Lukie, informing her that Trans Union was "unable to accept" the police report that the Plaintiff had provided to Trans Union in support of her dispute claims.

24. On June 15, 2009, Trans Union provided the Plaintiff with additional "investigation results." Trans Union again failed to delete the fraudulent Bank of America, Cavalry, Chase Auto and Federated accounts from the Plaintiff's credit report.

25. On August 5, 2009, the Plaintiff wrote Trans Union, again disputing the inclusion of the fraudulent Federated, Cavalry, Bank of America and Chase Auto accounts on her trans Union credit report.

26. On August 13, 2009, the Plaintiff received a credit report from Experian, which contained the Bank of America, Cavalry and Federated fraud accounts, all listed as adverse collection items on the Plaintiff's Experian credit report.

27. On August 20, 2009, the Plaintiff wrote Experian, disputing the inclusion of the fraudulent Bank of America, Cavalry and Federated accounts.

28. On August 25, 2009, Experian wrote the Plaintiff, indicating that it was refusing to investigate her disputes regarding the Bank of America, Cavalry and Federated accounts. Experian's refusal to investigate is a willful and/or negligent violation of 15 U.S.C. §1681i.

29. On September 12, 2009, Trans Union provided additional "investigation results" to Lukie, which continued to include the Bank of America, Cavalry, Chase Auto and Federated accounts on the Plaintiff's Trans Union credit report. On the same day, Equifax provided a credit report to the Plaintiff, indicating that it had "verified" the Chase Auto and Federated accounts but that the fraudulent Cavalry account was no longer appearing on her Equifax credit report.

30. On October 2, 2009, Chase Auto wrote the Plaintiff a letter admitting that the Chase Auto account was indeed fraudulent and indicating that it had notified Experian, Equifax and Trans Union regarding the fraudulent nature of the Chase Auto account.

31. In February 2010, the Plaintiff suffered an adverse action by Discover which was caused, upon information and belief, by the inclusion of the fraudulent accounts on her Equifax, Experian and Trans Union credit reports.

32. Upon receipt of the Plaintiff's dispute letters regarding the fraudulent accounts, 15 U.S.C. §1681i of the Fair Credit Reporting Act required Equifax, Experian and Trans Union to each perform a reasonable investigations of the Plaintiff's disputes. Equifax, Experian and Trans Union were also required by §1681i to forward the Plaintiff's disputes to the furnishers of the disputed credit information, i.e. Bank of America, Federated, Cavalry and Chase Auto.

33. The furnishers of the disputed credit information also owed a duty to perform reasonable investigations of the Plaintiff's disputes, pursuant to 15 U.S.C. §1681s-2 (b).

34. Equifax, Experian and Trans Union negligently and/or willfully violated 15 U.S.C. §1681i by failing to perform reasonable investigations of the Plaintiff's disputes. Bank of America, Federated, Cavalry and Chase Auto also negligently and/or willfully violated 15 U.S.C. §1681s-2 (b) by failing to perform reasonable investigations of the Plaintiff's disputes of the fraudulent accounts. As a result of these violations, the fraudulent accounts remained on the Plaintiff's credit reports. Defendants Equifax, Experian and Trans Union also willfully and/or negligently violated U.S.C. §1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit reports.

35. Pursuant to 15 U.S.C. §1681o, the Defendants' actions and omissions in

negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recover her actual damages as well as attorney's fees and costs. In addition, the Defendants' actions and omissions willfully violating the Fair Credit Reporting Act entitle the Plaintiff to recover her actual damages, punitive damages, attorney's fees and costs, pursuant to 15 U.S.C. §1681n.

36. Defendants also maliciously and/or willfully defamed the Plaintiff by their continued publication of the fraudulent and adverse accounts to third parties after they knew or should have known that the accounts were indeed fraudulently opened.

37. Defendants' actions and omissions are evidence of their recklessness, gross negligence and a wanton disregard for the Plaintiff's rights, personal and financial safety, credit reputation and good name, as well as her emotional and physical well being.

38. Because of the actions and omissions of the Defendants, the Plaintiff has suffered adverse credit actions, mental anxiety, emotional suffering, physical injuries, physical pain, worry, humiliation, mental distress and pre-litigation attorney's fees. In addition, the Plaintiff has incurred and will continue to incur litigation expenses and post litigation attorney's fees, which, but for the acts and omissions of the Defendants alleged herein, would not have been necessary. Further, the Defendants' acts and omissions are willful, malicious and demonstrative of a reckless disregard for the Plaintiff's rights and well being.

39. As a result of the Defendants' willful violations of 15 U.S.C. §1681 *et seq.* and

their malicious defamation of the Plaintiff's good name, the Plaintiff is entitled to punitive damages from the Defendants.

WHEREFORE, PREMISES CONSIDERED the Plaintiff respectfully demands damages of and from the Defendants Equifax, Experian, Trans Union, Bank of America, Federated, Cavalry and Chase Auto in an amount to be determined by the jury as actual and compensatory damages and further demands judgment for punitive damages in such an amount as the jury may determine appropriate to deter this conduct in the future and as allowed by law, as well as attorneys' fees and litigation expenses.

This the 12th day of April, 2011.

Respectfully submitted,

_____
CHRISTOPHER E. KITTELL, MSB#99615
MERKEL & COCKE, P.A.
30 Delta Avenue
P.O. Box 1388
Clarksdale, MS 38614
Telephone: (662) 627-9641
Facsimile: (662) 627-3592