IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

LUKIE TAYLOR                                                                                    PLAINTIFF

v.                                                                       CIVIL ACTION NO. 2:11-CV-00117-GHD-SAA

CHASE AUTO FINANCIAL CORP.                                                                      DEFENDANT

MEMORANDUM OPINION DENYING MOTIONS TO DISMISS

Presently before the Court are two motions to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, [27] and [41], filed by Defendant JPMorgan Chase Bank, N.A., referred to as Chase Auto Financial Corp. in the pleadings (hereinafter "Chase"). After due consideration, the Court finds both motions should be denied for the reasons set forth herein.

*A. Factual and Procedural Background*

Plaintiff Lukie Taylor ("Plaintiff") brings this consumer credit action against Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union LLC; Bank of America, N.A.; Federated Capital Corporation; Cavalry Portfolio Services, LLC; and Chase. Plaintiff alleges Chase violated provisions of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, and further asserts a defamation claim under Mississippi law. Defendants timely removed the case to federal court. All Defendants except Chase have been dismissed from the case by stipulation of the parties; thus, the Court will focus its attention solely on the allegations against Chase.

Plaintiff alleges she was the victim of identity theft by an unknown person who used her confidential information to file a credit application with Chase, and then incurred charges on the fraudulently obtained account. Plaintiff further alleges Chase attempted to collect payment from

1

her on this fraudulently obtained account by listing the account and charges on her credit report and that she wrote letters to Chase, as well as the consumer reporting agencies and others, disputing the account. She alleges that upon information and belief the consumer reporting agencies complied with FCRA requirements to notify Chase of these charges. Plaintiff further alleges that Chase received notification of the same. Plaintiff alleges the consumer reporting agencies notified Plaintiff that there was new information regarding the Chase account, and that after a series of communications with the consumer reporting agencies and Chase, the fraudulent account and charges were not removed from Plaintiff's credit report. Plaintiff further alleges that Chase then sent a letter to Plaintiff wherein it "admitt[ed] that the Chase Auto account was indeed fraudulent" and that it had notified the consumer reporting agencies of the same. Pl.'s Am. Compl. [29] ¶ 31. Plaintiff alleges she suffered "an adverse action by Discover" she believes was caused by the inclusion of the fraudulent account and associated charges on her credit report. *Id.* ¶ 32.

Plaintiff alleges that Chase "negligently and/or willfully violated 15 U.S.C. § 1681s-2(b) by failing to perform reasonable investigations of the Plaintiff's disputes of the fraudulent accounts forwarded to them by the consumer reporting agencies pursuant to 15 U.S.C. [§] 1681i(a)(2). As a result of these violations, the fraudulent accounts remained on the Plaintiff's credit reports." *Id.* ¶ 35. Plaintiff also alleges malicious and/or willful defamation by "continued publication of the fraudulent and adverse account[ ] to third parties after [Chase] knew or should have known that the account[ ] w[as] fraudulently opened." *Id.* ¶ 37. Plaintiff claims "[b]ecause of the actions and omissions of [Chase], [she] has suffered adverse credit actions, mental anxiety, emotional suffering, physical injuries, physical pain, worry, humiliation, mental distress[,] and pre-litigation attorney's fees," among other things. *Id.* ¶ 39. Plaintiff seeks actual and punitive

damages. Chase has moved to dismiss this action on the following grounds: (1) Plaintiff has failed to allege sufficient facts to state a claim for relief under the FCRA; and (2) Plaintiff's state-law defamation claim is preempted by federal law.

### B. Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss Standard

Motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure "are viewed with disfavor and are rarely granted." *Kocurek v. Cuna Mut. Ins. Soc'y*, No. 10–51042, 2012 WL 201866, at *2 (5th Cir. Jan. 24, 2012) (citing *Gregson v. Zurich Am. Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007)). Of course, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The court must not evaluate the likelihood of the claim's success, but instead ascertain whether the plaintiff has stated a legally cognizable claim that is plausible. *Lone Star Fund*, 594 F.3d at 387 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)).

### C. Discussion

Plaintiff brings this action against Chase asserting both a claim under 15 U.S.C. § 1681s-2(b) and a defamation claim under Mississippi law. The Court will examine each claim in turn.

#### 1. Fair Credit Reporting Act Claim

The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551

U.S. 47, 52, 127 S. Ct. 2201, 167 L. Ed. 2d 1045; *see* 84 Stat. 1128, 15 U.S.C. § 1681. "The banking system is dependent upon fair and accurate reporting." 15 U.S.C. § 1681(a)(1). Although the FCRA's focus appears to be regulation of consumer reporting agencies, the FCRA imposes duties on others, including furnishers of information to consumer reporting agencies. *See* 15 U.S.C. § 1681 *et seq.* In this case, Chase was a furnisher of information to the consumer reporting agencies.

Plaintiff brings this action against Chase under the following provisions of the FCRA:

> (b) Duties of furnishers of information upon notice of dispute
>
> > (1) In general
> >
> > After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall--
> >
> > > (A) conduct an investigation with respect to the disputed information;
> > >
> > > (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;
> > >
> > > (C) report the results of the investigation to the consumer reporting agency;
> > >
> > > (D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and
> > >
> > > (E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly--

> (i) modify that item of information;
>
> (ii) delete that item of information; or
>
> (iii) permanently block the reporting of that item of information.
>
> (2) Deadline
>
> A person shall complete all investigations, reviews, and reports required under paragraph (1) regarding information provided by the person to a consumer reporting agency, before the expiration of the period under section 1681i(a)(1) of this title within which the consumer reporting agency is required to complete actions required by that section regarding that information.

15 U.S.C. § 1681s-2(b).

Chase contends that Plaintiff has not plausibly stated a claim for relief under the FCRA. To plausibly state a claim under the FCRA, there must first be a private right of action for a consumer to bring such a claim. The Fifth Circuit has not addressed whether a consumer can bring a claim under the FCRA against a furnisher of information. *See Young v. Equifax Credit Info. Servs., Inc.*, 294 F.3d 631, 639 (5th Cir. 2002) (declining to reach the issue). However, in *Young*, the Fifth Circuit stated:

> Section 1681s-2(b) imposes duties on furnishers of information to, *inter alia*, investigate disputed information and report the results of any such investigation to the consumer reporting agency. 15 U.S.C. § 1681s-2(b). The plain language of FCRA thus appears to impose civil liability on "any person" violating a FCRA duty unless some exception applies. . . . Nothing in these sections precludes a private right of action for violation of the investigation and reporting requirements of Section 1681s-2(b). . . . We observe—without approving or disapproving the holding—that the only circuit court that has decided this issue held that there is a private right of action. *Nelson v. Chase Manhattan Mortgage Corp.*, 282 F.3d 1057 (9th Cir. 2002).

*Id.*

Since then, other United States Courts of Appeal have decided the issue. *See Chiang v. Verizon New England Inc.*, 595 F.3d 26, 34 (1st Cir. 2010) (finding private right of action against furnishers exists under the FCRA). However, at least two circuits have found that no such private right of action exists. *See Steed v. EverHome Mortg. Co.*, 308 F. App'x 364, 369–70 (11th Cir. 2009); *Marshall v. Swift River Acad., LLC*, 327 F. App'x 13, 14 (9th Cir. 2009). Federal district courts within the Fifth Circuit are divided on the issue, as well. *See Olexy v. Interstate Assurance Co.*, 113 F. Supp. 2d 1045, 1047–48 (S.D. Miss. 2000) (finding no private right of action against furnishers exists under the FCRA); *but see Campbell v. Baldwin*, 90 F. Supp. 2d 754, 756 (E.D. Tex. 2000) (finding private right of action against furnishers exists under the FCRA).

Finding no clarity in case law, this Court turns its attention to the language of the statute itself. The FCRA's congressional findings and statement of purpose provide in pertinent part as follows: "Consumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers. There is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3)–(4). Although the FCRA seems to focus on imposing requirements on consumer reporting agencies, the statute imposes duties on others, as well, including, but not limited to, procurers of investigative consumer reports (15 U.S.C. § 1681d); users taking adverse actions based on consumer's credit information (15 U.S.C. § 1681d); and furnishers of information to consumer reporting agencies.

The language of the FCRA anticipates suits brought by consumers for violations of certain provisions of the statute. The FCRA includes provisions concerning civil liability to the consumer by any person who willfully or negligently violates certain provisions of the statute, 15

U.S.C. §§ 1681n–1681o. The FCRA defines "person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b). The civil liability provisions contain language concerning the awarding of attorney's fees to a prevailing party upon a court's finding that "an unsuccessful pleading, motion, or other paper filed in connection with an action under this section was filed in bad faith or for purposes of harassment." 15 U.S.C. § 1681n(c); 15 U.S.C. § 1681o(b). The FCRA also includes a statute-of-limitations provision which includes the language: "An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, . . . ." 15 U.S.C. § 1681p (emphasis added).

Plaintiff brings this claim against Chase under 15 U.S.C. § 1681s-2(b). Section 1681s-2 limits civil liability to consumers on certain subsections, but does not limit liability under 15 U.S.C. § 1681s-2(b). Based on the language of the statute, the Court finds that Plaintiff has a private right of action against Chase under 15 U.S.C. § 1681s-2(b). The next question before the Court is whether Plaintiff has plausibly stated a FCRA claim against Chase.

To plausibly state a FRCA claim against Chase, Plaintiff would have to allege that a consumer reporting agency gave notice of Plaintiff's dispute to Chase, as a furnisher. *See* 15 U.S.C. § 1681s-2(b)(1) (" After receiving notice pursuant to [section 1681i(a)(2) ] of this title of a dispute . . . . "); *see also Young*, 294 F.3d at 639. Plaintiff has alleged that she notified the furnishers and credit reporting agencies of the fraudulent account and charges on her credit reports and that the credit reporting agencies gave notice of Plaintiff's dispute to the furnishers. Without addressing whether dismissal would be appropriate in another procedural context, the

Court concludes that Plaintiff has plausibly stated a claim against Chase under the FCRA. Chase's Rule 12(b)(6) motion is thus denied on this ground.

## 2. *Defamation Claim*

Plaintiff also sues Chase for defamation under Mississippi law. Chase asserts in its motions to dismiss that such a claim is preempted by the FCRA. This Court notes that the Fifth Circuit recently stated: "Federal preemption is an affirmative defense that a defendant must plead and prove." *Fisher v. Halliburton*, Nos. 10-20202, 10-20371, 2012 WL 90136, at *4 (5th Cir. Jan. 12, 2012) (citing *Met. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987) ("Federal pre-emption is ordinarily a federal defense to the plaintiff's suit.") (other citations omitted)). And "[u]nless the complaint itself establishes the applicability of a federal-preemption defense—in which case the issue may properly be the subject of a Rule 12(b)(6) motion—a defendant should ordinarily raise preemption in a Rule 12(c) motion for judgment on the pleadings or a Rule 56 motion for summary judgment." *Id.* (internal citation omitted).

The Court finds that the preemption defense does not apply in this instance, regardless. 15 U.S.C. § 1681t provides in pertinent part as follows:

> No requirement or prohibition may be imposed under the laws of any State—
>
> (1) with respect to any subject matter regulated under—
>
>> (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

However, the FCRA also provides:

> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, against . . . any person who furnishes information to a

8

> consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report <u>except as to false information furnished with malice or willful intent to injure such consumer.</u>

15 U.S.C. § 1681h(e) (emphasis added).

Chase cites on-point, persuasive authority holding that state law defamation claims should be preempted under FCRA. However, this Court is bound to follow the Fifth Circuit, which has stated: "The FCRA preempts state law defamation or negligent reporting claims <u>unless the plaintiff consumer proves 'malice or willful intent to injure' him.</u>" *Young*, 294 F.3d at 638 (citing 15 U.S.C. § 1681h(e) (emphasis added)); *see also Morris v. Equifax Info. Servs., LLC*, 457 F.3d 460 (5th Cir. 2006) (referencing "the 'malice' exception to preemption under section 1681h(e)").

Plaintiff has alleged defamation that was "malicious[ ] and/or willful[ ]" due to the continued publication of the fraudulently obtained Chase account and incurred charges. Plaintiff has further set out the details of her alleged injury based on the continued publication. Refraining to address whether dismissal of the state law defamation claim would be appropriate in a further procedural context, the Court finds Plaintiff has plausibly stated a claim for defamation under Mississippi law that will survive the Rule 12(b)(6) stage. Chase's Rule 12(b)(6) motion to dismiss is thus denied on this ground, as well.

*D. Conclusion*

In sum, the Court finds that Defendant Chase's two Rule 12(b)(6) motions to dismiss, [27] and [41], shall be denied.

A separate order in accordance with this opinion shall issue this day.

It is SO ORDERED, this the 6th of February, 2012.

                                                  /s/ Glen H. Davidson
                                                  SENIOR JUDGE